UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MIDWEST INVESTMENT PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:14-cv-40-RLY-WGH |
| ALFRED GERRIETS; AFIGNIS, LLC; PURE PATH CAPITAL MANAGEMENT COMPANY, LLC; | ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO COMPEL**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff Midwest Investment Partners, LLC's *Motion to Compel Response to Requests for Production of Documents, Strike Defendants' Objections and for Award of Attorneys' Fees and Costs* ([Filing No. 31](#)) and Chief Judge Young's referral. The motion is fully briefed. (*See* [Filing No. 41](#); [Filing No. 42](#); [Filing No. 45](#).) Having considered the motion, the parties' submissions, and relevant law, and being duly advised, I hereby **GRANT** the motion.

I.  **Background**

In this lawsuit, Midwest asserts that the Defendants defrauded it in the course of a scheme to finance nonparty Standard Metals Processing, Inc. Midwest alleges that it developed the following arrangement with Defendant Alfred Gerriets:

1. Midwest would transfer $50,000 to Defendant Afignis, LLC, which Gerriets owns.

2. Afignis would transfer the money to Defendant Pure Path Capital Management, LLC—a company formed specifically to finance Standard.

3. In exchange, Midwest would receive a 26% ownership in Pure Path (which then would hold some interest in Standard).

(*See* [Filing No. 1 at ¶¶ 14–34](#).)

Midwest claims that it made its $50,000 transfer but that Pure Path refuses to recognize Midwest as owning any interest in Pure Path or Standard. (*See* [*id.* at ¶¶ 16](#), [32](#).) Midwest also maintains that Pure Path has refused to return any of Midwest's investment. (*See* [*id.* at ¶ 34](#).)

On September 23, 2014, Midwest served the Defendants 18 requests for production of documents under Federal Rule of Civil Procedure 34. (*See* [Filing No. 31-1](#).) Midwest represents, and the Defendants do not deny, that the Defendants served their responses on November 25 after receiving a 30-day extension. (*See* [Filing No. 31 at ¶ 4](#); [Filing No. 31-2](#).)

In their response, the Defendants lodged nine generic "Objections Applicable to Each Request" and then offered enumerated responses to each individual request, but the objections were far from individual. (*See* [Filing No. 31-2](#).) Seventeen of the eighteen enumerated objections are identical to one another. The Defendants' response to Request No. 2 differs only in that it adds the sentence, "Defendants further object to the extent this request calls for the disclosure of information already in the possession of or otherwise equally

available to Plaintiff, including documents produced by the parties and publically available filings." (*See* [id. at ECF p. 3](#).)

The Defendants did not produce any documents in response to Midwest's requests. Nor did the Defendants serve a privilege log despite objecting to each request "to the extent it seeks privileged information . . . ." (*See* [id. 31-2 at ECF pp. 3–10](#).)

Midwest describes four separate, unsuccessful efforts to elicit satisfactory responses from the Defendants. (*See* [Filing No. 31 at ¶¶ 6](#), [8–10](#).) Again, the Defendants do not refute this representation. On February 5, 2015, Midwest filed this motion, asking the Court to strike the Defendants' objections to their requests, compel the Defendants to produce responsive documents, and award Midwest attorneys' fees and costs associated with litigating this motion. (*See* [Filing No. 31](#).)

## II.  Legal Standard

Although Indiana law will decide the outcome of this diversity action, the Federal Rules of Civil Procedure govern discovery. [*Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005)](#). Under the Rules, a party is entitled to discover from his adversary "any nonprivileged matter that is relevant to any party's claim or defense . . . ." [Fed. R. Civ. P. 26(b)(1)](#). "The party objecting to a discovery request bears the burden of showing why the request is improper." [*Dauska v. Green Bay Packaging, Inc.*,](#)

291 F.R.D. 251, 258 (E.D. Wis. 2013).[1] "The objecting party must show with specificity that the request is improper." Med. Assurance Co. v. Weinberger, 295 F.R.D. 176, 181 (N.D. Ind. 2013).

At trial, evidence is relevant if it has "any tendency" to make a material fact more or less probable. Fed. R. Evid. 401. But even inadmissible evidence is discoverable so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

A party refusing production based on privilege bears the burden of persuading the Court that privilege applies. United States v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997). "The claim of privilege cannot be a blanket claim; it 'must be made and sustained on a question-by-question or document-by-document basis.'" United States v. White, 950 F.2d 426, 430 (7th Cir. 1991) (quoting United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983)). To that end, the party claiming privilege must describe each withheld item in a privilege log. Fed. R. Civ. P. 26(b)(5)(A)(ii). If the privilege log lacks sufficient information to allow the Court and the requesting party to determine whether the elements of privilege have been satisfied, the Court may compel production. See Mold-Masters Ltd. v. Husky Injection Molding Sys. Ltd., No. 01 C 1576, 2001 WL 1558303, at *2 (N.D. Ill. Dec. 6, 2001).

---

[1] *Accord, e.g.*, Med. Assurance Co. v. Weinberger, 295 F.R.D. 176, 181 (N.D. Ind. 2013); Itex, Inc. v. Westex, Inc., Nos. 05 CV 6110, 08 CV 1224, 2011 WL 856583, at *2 (N.D. Ill. Mar. 9, 2011); Cima v. Wellpoint Health Networks, Inc., No. 05-cv-4127-JPG, 2008 WL 746916, at *4 (S.D. Ill. Mar. 18, 2008).

4

The Rules establish an arena in which the parties should conduct discovery under minimal judicial oversight. *See Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery*, 48 F.R.D. 487, 488 (1969, 1970). When the Court must resolve a discovery dispute through a motion, it "*must* . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Even so, the Court may award fees only where nondisclosure was not "substantially justified" and where the movant first attempted "in good faith to obtain the disclosure or discovery without court action . . . ." Fed. R. Civ. P. 37(a)(5)(A)(i)–(ii).

### III. Discussion

Midwest first asks the Court to find that the Defendants waived their objections to the Requests for Production by repetitiously asserting generic objections rather than specifically objecting to each request. I find that the Defendants have waived their objections.

"Objections are valid only if they specifically apprise the opposing party, and the Court, about the nature of the otherwise responsive documents that the responding party will not produce." *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009). "Thus, 'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at

5

all—and will not be considered.'" *Id.* Accord *Mills v. E. Gulf Coal Preparation Co.,* LLC, 259 F.R.D. 118, 132 (S.D. W.Va. 2009); *Sabol v. Brooks,* 469 F. Supp. 2d 324, 328–29 (D. Md. 2006).

The Defendants' objections are not specific. They open with nine general "Objections Applicable to Each Request." (Filing No. 31-2 at ECF pp. 1–2.) Here, the Defendants objected to "to the extent" each request exceeds the scope of discovery. (*Id.*) The Defendants' "individual" objections fare no better. Seventeen of the eighteen are identical to one another. (*See id.* at ECF pp. 3–10.) To those requests, the Defendants object "to the extent" Midwest seeks privileged information and because the requests are "overbroad in scope, unduly burdensome, and seeking irrelevant information . . . ." (*Id.*) The Defendants' response to Request No. 2 adds one inconsequential sentence, objecting again "to the extent" Midwest seeks information it could obtain elsewhere. (*Id.* at ECF p. 3.)

These statements explain neither the nature of the documents withheld nor what justifies withholding them. See *Novelty, Inc.,* 265 F.R.D. at 375. The opponent of a discovery request need not state the obvious fact that she objects "to the extent" it exceeds the scope of discovery. Rather, the opponent must state *how* and *why* each request exceeds the scope of discovery and *produce* requested documents that fall within that scope. See *Mills,* 259 F.R.D. at 132 (explaining the elements of a proper objection).

Accordingly, the Defendants have waived their objections to the requests for production, and they must produce all responsive documents. Even in

6

their briefing on this issue, the Defendants have not specified how any request imposes an undue burden, exceeds the bounds of relevance, seeks privileged documents[2], or otherwise falls beyond the scope of discoverability. (*See* Filing No. 42 at ECF pp. 3–9.) In fact, the Defendants offer only one reference to legal authority: the Indiana Rules of Trial Procedure, which do not govern this case. (*See id.* at ECF pp. 2–3.) Instead, the Defendants claim—broadly and repeatedly—that discovery is inappropriate because Midwest never received an offer to invest in Pure Path. (*See id.* at ECF pp. 1, 3, 4, 5, 8.)

This retort cannot spare the Defendants from honoring Midwest's requests. Whether Midwest received an offer to invest in Pure Path is a central factual issue in the case. A case's merits are not litigated in discovery motions. If Midwest's case is so frivolous that discovery could be seen as abusive, the Defendants' recourse is to seek a protective order staying or limiting discovery until a dispositive motion may be heard. (*See* Fed. R. Civ. P. 26(c)(1).) Refusing to participate in discovery is not an option.

Therefore, the Defendants will serve revised responses and produce responsive documents within 15 days of this Entry. Having waived their objections, the Defendants may withhold responsive documents only on the basis of a good-faith claim of privilege. Should the Defendants assert privilege, they must also serve a privilege log complying with Rule 26(b)(5)(A)(ii).

---

[2] Again, the Defendants have not produced a privilege log despite claiming privilege with respect to every request.

If the Defendants have concerns about how a particular document will be used, they may move for a protective order asking the Court to impose appropriate restrictions. Again, they may not simply withhold the documents.

Finally, I **GRANT** Midwest's motion for fees and costs. The Defendants have not rebutted Midwest's assurance that it has sought an extrajudicial resolution as required by Rule 37(a)(5)(A). Moreover, as I have explained above, the Defendants have failed to demonstrate that their objections and nondisclosure were substantially justified. Midwest may file an appropriately-documented petition for reasonably-incurred expenses within 15 days of this Entry. The Defendants may respond within 10 days of that filing.

## IV. Conclusion

For the foregoing reasons, I **GRANT** Midwest's motion by:

1. striking the Defendants' objections to *Plaintiff's First Request for Production of Documents*;

2. ordering the Defendants to serve revised responses and produce responsive documents within 15 days of this Entry; and

3. awarding Midwest reasonable expenses incurred in making this motion consistent with Federal Rule of Civil Procedure 37(a)(5)(A).

**SO ORDERED** this 3rd day of April, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**